465 P.2d 88

Francis McKinley **SAMORA**, Personal representative of Manuel Samora, Sr., deceased, Plaintiff-Appellee,

v.

Lonzo **BRADFORD**, Defendant-Appellant.

No. 372.

Court of Appeals of New Mexico.

Jan. 2, 1970.

R. E. Riordan, Neil E. Weinbrenner, Las Cruces, for defendant-appellant.

John P. Otto, Otto & Schauer, Jefferson R. Rhodes, Alamogordo, for plaintiff-appellee.

## OPINION

OMAN, Judge.

This suit arose out of an intersection collision of motor vehicles in which plaintiff's decedent was killed. Defendant has appealed from a judgment awarding plaintiff damages for the alleged wrongful death of her decedent. We affirm.

Defendant relies for reversal upon seventeen separately stated points, all of which are concerned with the question of substantial evidence. These points have been grouped under three separate headings, or basic points, and will be disposed of in the order of their presentation in the briefs.

On appeal, the evidence must be viewed in its most favorable light in support of the trial court's findings. If the evidence, including the reasonable inferences deducible therefrom, when so viewed, supports the trial court's findings, all contrary evidence and inferences must be disregarded. Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968); Gray v. J. P. (Bum) Gibbins, Inc., 75 N.M. 584, 408 P.2d 506 (1965); Rein v. Dvoracek, 79 N.M. 410, 444 P.2d 595 (Ct.App.1968); Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct.App. 1967).

An appellate court does not pass upon the weight of the evidence or the credibility of the witnesses. Gilon v. Franco, 77 N.M. 786, 427 P.2d 666 (1967); Manufacturers & Wholesalers Indem. Exch. v. Valdez, 75 N.M. 363, 404 P.2d 562 (1965); Rein v. Dvoracek, supra.

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate support for a conclusion. McCauley v. Ray, 80 N.M. 171, 453 P.2d 192 (1968); Galvan v. Miller, 79 N.

M. 540, 445 P.2d 961 (1968); Fox v. Doak, supra.

A reasonable inference is a conclusion arrived at by a process of reasoning. This conclusion must be a rational and logical deduction from facts admitted or established by the evidence, when such facts are viewed in the light of common knowledge or common experience. Williamson v. Piggly Wiggly Shop Rite Foods, Inc., 80 N.M. 591, 458 P.2d 843 (Ct.App.1969).

By his first point, defendant attacks the sufficiency of the evidence to support the trial court's findings that he was negligent in "speeding," in failing "to keep a proper lookout," and in failing "to have his vehicle under proper control."

The accident occurred on December 24, 1966, at about 7:00 p.m. at the intersection of Tenth Street and Porto Rico Avenue in the City of Alamogordo. Decedent was travelling north on Porto Rico. Defendant and two companions were travelling east on Tenth Street.

Two witnesses, who were also travelling east on Tenth Street, testified that defendant's automobile passed them at the intersection of Tenth Street and Alaska Avenue, which is two blocks west of the intersection in which the collision occurred. The driver of the overtaken vehicle noted his speed at that time was 23 miles per hour. The speed limit was 25 miles per hour. In the time it took the witnesses' vehicle to travel one block, or 361 feet, the defendant's vehicle had travelled two blocks, or 734 feet, before colliding with the decedent's vehicle.

The defendant testified that he never saw the decedent's automobile prior to the accident, but just before the collision he turned his head to talk to the passenger sitting in the back seat, and at that moment the other passenger sitting in the front seat said, "Watch out." Defendant then "turned back sideways," and the lights of decedent's automobile "hit [him] in the face."

Decedent's vehicle travelled 22 feet into the intersection prior to the collision. As

a result of the impact, this vehicle was spun 180 degrees and travelled 44 feet before coming to rest. Defendant's vehicle travelled 23 feet into the intersection prior to the collision. Apparently as a result of the impact one wheel became locked, but the vehicle still travelled 161 feet before coming to rest. Decedent's vehicle was badly damaged across the left front and around the left front corner. Defendant's vehicle was badly damaged along the right front side and around the right front corner. As a result of the impact, decedent was thrown from his vehicle and died two days later.

■ We do not suggest that the evidence to which we refer is necessarily all the evidence supporting the questioned findings, but only that we are of the opinion it substantially supports the findings that defendant was speeding, failed to keep a proper lookout, and to have his vehicle under proper control.

Defendant next contends there was no substantial evidence to support five of the trial court's findings, which relate to the issue of contributory negligence. He also urges error on the part of the trial court in refusing some of his requested findings, which are contrary to those made by the court.

■ Requested findings are properly refused, if they are contrary to findings supported by substantial evidence. Powers v. Campbell, 79 N.M. 302, 442 P.2d 792 (1968); Lee v. Gruschus, 77 N.M. 164, 420 P.2d 311 (1966); Horton v. Driver-Miller Plumbing, Inc., 76 N.M. 242, 414 P.2d 219 (1966).

■ The burden was on defendant to establish his affirmative defense of contributory negligence. Martinez v. C. R. Davis Contracting Company, 73 N.M. 474, 389 P.2d 597 (1964). He contends he sustained this burden by offering uncontradicted evidence that decedent was exceeding the speed limit just before entering the intersection and ran the stop sign on Porto Rico at the intersection.

■ Uncontradicted evidence, which is not subject to reasonable doubts, may not be arbitrarily disregarded. Aragon v. Boyd, 80 N.M. 14, 450 P.2d 614 (1969); Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438 (1964); Medler v. Henry, 44 N.M. 275, 101 P.2d 398 (1940). However, the trial court need not accept as true testimony which is not directly contradicted, if (1) the witness is shown to be unworthy of belief, or (2) his testimony is equivocal or contains inherent improbabilities, (3) concerns a transaction surrounded by suspicious circumstances, or (4) is contradicted, or subjected to reasonable doubt as to its truth and veracity, by legitimate inferences drawn from the facts and circumstances of the case. Galvan v. Miller, supra; Brown v. Cobb, 53 N.M. 169, 204 P.2d 264 (1949); Board of Education v. State Board of Education, 79 N.M. 332, 443 P.2d 502 (Ct.App.1968); Hales v. Van Cleave, 78 N.M. 181, 429 P.2d 379 (Ct.App. 1967).

The evidence, relative to decedent's speed and running of the stop sign, consists of testimony by defendant's passenger seated in the right front, and a notation in the police report that: "Vehicle No. 2 [decedent's] was going north on Porto Rico and run a stop sign." The investigating officer who made the report had no recollection of the basis for this notation, except he said it must have been based upon what he was told at the accident scene and by the physical facts. As to the running of the stop sign, he says he talked to the two passengers in defendant's vehicle and this information "should have been from them." The passenger, who testified as to decedent's speed and running of the stop sign, also testified he told an officer at the scene that decedent ran the stop sign. Thus, the evidence, as to the speed of decedent's vehicle and the claim that decedent ran the stop sign, all comes from the statements and testimony of the passenger in the front seat of defendant's vehicle.

This evidence is not directly contradicted. Decedent died two days after the acci-

dent, and we have no statement or testimony from him as to the facts. Defendant, as above stated, testified he never saw decedent's vehicle until the moment of the collision. Defendant's other passenger was sitting in the rear seat and did not see decedent's vehicle until after the passenger in the front seat said "Look out," and then the accident occurred in "just a split second." The witnesses, who testified defendant passed them two blocks west of the accident scene, did not claim to have seen decedent's vehicle prior to the impact.

The front seat passenger testified that defendant's vehicle entered Tenth Street from Hawaii Avenue, one block west of the accident scene, and was never on Tenth Street at the intersection with Alaska, where the two witnesses testified they were passed by defendant's vehicle.

This passenger also testified that he "guessed" defendant was travelling between 25 and 30 miles per hour, and that defendant's vehicle was entering the intersection of Tenth and Porto Rico, when he first saw decedent's vehicle coming north on Porto Rico. After that he turned for a "slight second" toward the passenger in the rear seat; turned back toward the front and saw decedent was not going to stop; "hollered, look out"; and then the impact occurred.

In commenting on this passenger's testimony, the trial court stated it did not believe him. The court determined that defendant's vehicle was travelling 46 miles per hour, which is supported by the evidence to which reference is above made. At a speed of 46 miles per hour, it would have taken almost one-third of one second for defendant's vehicle to travel the 23 feet into the intersection prior to the impact. Even at a speed of 25 miles per hour, the witness had slightly less than two-thirds of one second in which to accomplish the things he said he did between the time he first saw decedent's vehicle and the impact.

■ The court's findings, and refusal to make defendant's requested findings,

confirmed the court's disbelief of the testimony of this witness. Under the circumstances, the trial court could properly disregard this evidence as to decedent's speed and the claim that he ran the stop sign. Galvan v. Miller, supra; Brown v. Cobb, supra; Board of Education v. State Board of Education, supra; Hales v. Van Cleave, supra. Thus, defendant failed to support his claims of contributory negligence by substantial and credible evidence.

Defendant's final six points are argued in support of his contention that "* * * defendant's negligence, if he was negligent, was [not] the sole proximate cause of the collision and the resultant injuries and death of the decedent * * *"

We have already concluded that the trial court's findings as to defendant's negligence were supported by substantial and credible evidence, and that defendant's claims of contributory negligence were not so supported.

The parties stipulated that the physician attending decedent would testify " * * * the immediate medical cause of death was a cerebral hemorrhage, which resulted in a cardiorespiratory failure, which occurred two days after the accident; and that, in the doctor's opinion, the proximate cause of the medical death was the automobile accident in which the decedent was involved two days previously." Therefore, no claim is made that the death did not proximately result from the collision.

■ Thus, the only question as to proximate causation is whether defendant's negligence was the proximate cause of the collision. Causation, or proximate causation, is a question of ultimate fact ordinarily decided by the trier of the facts. Baker v. Fryar, 77 N.M. 257, 421 P.2d 784 (1966); Williams v. Neff, 64 N.M. 182, 326 P.2d 1073 (1958); Barakos v. Sponduris, 64 N.M. 125, 325 P.2d 712 (1958). It becomes a question of law only when the facts are undisputed and all reasonable inferences deducible therefrom are plain and consistent. Chavira v. Carnahan, 77 N.M. 467, 423 P.2d 988 (1967); Lewis v.

**210**

Barber's Super Markets, Inc., 72 N.M. 402, 384 P.2d 470 (1963).

■ Certainly we are unable to say in this case that the evidence, including all reasonable inferences deducible therefrom, is plain and consistent only with the conclusion that defendant's negligence was not the proximate cause of the collision.

The judgment should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.