464 P.2d 896

Wilbur G. THIGPEN and Dorothy J. Thigpen, Plaintiffs-Appellees,

v.

Dewie V. ROTHWELL and Colene Rothwell, his wife, and E. Cosgrove, Inc., Defendants-Appellants.

No. 8925.

Supreme Court of New Mexico.

Feb. 9, 1970.

Robertson & Reynolds, Silver City, for appellants.

Walter K. Martinez, Grants, for appellees.

## OPINION

SISK, Justice.

Plaintiffs sued to foreclose a mortgage which secured a promissory note given by defendants in payment of the purchase price of the corporate stock of E. Cosgrove, Inc., which we will refer to as the corporation. Defendants admitted the indebtedness but claimed an offset based on certain taxes paid by them. The trial court ruled that defendants were not entitled to the offset and defendants have appealed from the judgment which granted to plaintiffs the full amount of the indebtedness.

Defendants contend that the trial court erred in making certain findings of fact and conclusions of law and in refusing certain findings and conclusions requested by them. Plaintiffs contend that the court's findings of fact were supported by substantial evidence and assert two additional legal theories on which they allege the judgment must be affirmed. We hold that the trial court's findings are supported by substantial evidence.

In June 1964, when the corporation was formed by plaintiffs, its books reflected an inventory of approximately $11,000.00. This figure was the result of an allocation between inventory and fixtures, by the corporation's bookkeeper, of the actual acquisition cost of those assets. Defendants purchased all of the stock of the corporation by a contract dated December 1, 1964. Only the following paragraph of that contract is relevant to this appeal:

"Taxes: All taxes for 1964 have been paid and equitable arrangements shall be made for the payment of 1964 income tax."

The corporation was operated on a fiscal year, from July 1, 1964 through June 30, 1965, and the defendants owned and operated the corporation from and after December 1, 1964. The actual value of the inventory on December 1, 1964 was unknown because the price for which defendants were subsequently able to sell such inventory was then uncertain, but the evidence is undisputed that the inventory had a sales value greatly in excess of $11,000.-00. The evidence does not reflect that the bookkeeping and accounting methods and procedures used by either plaintiffs or defendants were improper.

The books and records kept by the defendants reflected that by deducting costs of goods sold and operating expenses from gross sales, the corporation suffered an operating loss for the fiscal year. However, because of the difference between the opening inventory and the closing inventory, the amount of the closing inventory having been determined by defendants, a taxable income resulted. The tax on that income was paid by defendants in 1967 under an amended return. It is the amount of this tax for which defendants claimed the offset, contending that the plaintiffs, and not themselves, received some benefit from their payment of the tax. Because the contract provided that equitable arrangements for payment of the 1964 income taxes would be made, the defendants allege that the full amount of that tax should be borne by plaintiffs.

■ No specific finding was made by the trial court, and none was requested by the defendants, concerning what type of "equitable arrangements" were contemplated or intended by the parties by their use of those words in the contract. The defendants requested and the court made a finding that the contract included the provision that equitable arrangements would be made for the payment of 1964 income tax, and the defendants requested and the court refused a finding that under this provision in the contract the plaintiffs should have paid all of the tax because the benefits derived from it inured to them. The trial court did find, however, that defendants did not prove by a preponderance of the evidence that the $11,000.00 opening inventory was incorrect or improper, that defendants did not prove by a preponderance of the evidence the amount of any tax properly attributable to plaintiffs, and that any profit made by the corporation during the applicable fiscal year remained in the corporation and inured to the benefit of defendants. These findings, considered together, have the same effect as a specific finding that on the evidence before the court it was not equitable to require plaintiffs to pay all of the income tax shown to be due by the amended tax returns which were prepared and filed by defendants. Or, stated in terms of the contract language, these findings are equivalent to a finding that an "equitable arrangement" would not require the payment of all of the tax by plaintiffs. If these findings of the trial court are supported by substantial evidence then the court's conclusion that the defendants have not sustained their claim of offset is proper and the judgment must be affirmed. Cutter Flying Service, Inc. v. Straughan Chevrolet, Inc., 80 N.M. 646, 459 P.2d 350 (1969); Woods v. City of Hobbs, 75 N.M. 588, 408 P.2d 508 (1965).

The plaintiff, Mr. Thigpen, testified that the opening inventory of $11,000.00 was

based on an allocation between inventory and fixtures of the actual acquisition cost, as determined by the bookkeeper. He further testified that except for salaries and business expenses no dividends or other distributions were taken from the corporation during the five months of the 1964 fiscal year that he owned the corporation. Concerning the reason for including in the 1964 contract the provision that equitable arrangements would be made for payment of 1964 income tax, Mr. Thigpen said that he wanted to be fair about anything that might come up; but he made it clear that he had not contemplated that an equitable arrangement would be the payment by him of all tax on a profit which resulted from the determination or adjustment of inventory valuation by plaintiffs. He also indicated that his concept of an equitable arrangement was that whoever got the profit should pay the tax. Mr. Rothwell testified that the equitable arrangements provision was meant to cover "anything" that was not reflected by visual inspection or the absence of inspection of the books. The trial court heard and observed the witnesses, and this court cannot weigh the evidence or determine the credibility of the witnesses. McCauley v. Ray, 80 N.M. 171, 453 P.2d 192 (1969). Certainly the evidence is conflicting, indeed confusing, on the issues determined by the findings of the court which are challenged by the defendants. But defendants did not prove by a preponderance of the evidence that the plaintiffs benefited from what defendants refer to as the "paper profit" made by the corporation, and we are of the opinion that the evidence substantially supports these findings of the trial court.

■ Defendants suggest in their brief that if plaintiffs are not liable for all of the tax in question they should be required, under the terms of the contract, to pay at least $5/12$ of it. There is no legal basis for us to so hold. A contract must be interpreted as a whole to effectuate the intentions of the parties, with meaning and significance given to each part in context of the whole contract. Hondo Oil & Gas Co. v. Pan American Petroleum Corp., 73 N.M. 241, 387 P.2d 342, 15 A.L.R.3d 437 (1963). But in the present case, no other part of the contract is relevant to the issue of what was intended by the provision that equitable arrangements would be made. There might have been any number of "equitable arrangements" which the parties could have made for the payment of taxes. But they did not make any such arrangements and this court cannot do so for them. Ellis v. Stone, 21 N.M. 730, 158 P. 480, L.R.A.1916F, 1228 (1916). No finding of fact was requested of the trial court that a $5/12$–$7/12$ "arrangement" be applied, but only that plaintiffs be required to pay all of the tax. The trial court's findings, discussed above, might have been phrased more directly toward the "equitable arrangement" provision of the contract, but they are supported by substantial evidence and they support the trial court's conclusion that the defendants have not established their claim of offset.

■ Defendants also challenge the trial court's finding of fact to the effect that defendants had access to all records at the time they purchased the stock in the corporation, and that defendants knew, or by the exercise of reasonable diligence should have known, all affairs of the corporation including the opening inventory of $11,000.00. Again, the evidence is conflicting concerning the exact dates on which defendant, Mr. Rothwell, first saw certain records and should have been aware of the $11,000.00 inventory figure, but the combined testimony of the plaintiffs, Mr. and Mrs. Thigpen, constitutes substantial evidence to support this finding. Defendants' requested findings and conclusions which were refused by the trial court were in conflict with those made by the court and were therefore properly refused. Murchison v. Allied Van Lines, Inc., 74 N.M. 446, 394 P.2d 596 (1964).

Because we hold that the trial court's findings are supported by substantial evidence and support its conclusion that de-

fendants did not sustain their claim of off-set, it is unnecessary for us to consider the two additional points asserted by plaintiffs.

The judgment must be affirmed.

It is so ordered.

COMPTON and WATSON, JJ., concur.