484 P.2d 338

Anna B. MARJON, Plaintiff-Appellant,

v.

Dan QUINTANA, Joe Romero and Johnny R. Salazar, Ditch Commissioners of Sombrillo Community Ditch, and Joe Montoya, Mayordomo of Sombrillo Community Ditch and Dan Quintana, Joe Romero, Johnny R. Salazar and Joe Montoya, Individually, Defendants-Appellees.

No. 9067.

Supreme Court of New Mexico.

April 12, 1971.

Rehearing Denied May 5, 1971.

W. H. McDermott, Santa Fe, for plaintiff-appellant.

Alfonso G. Sanchez, Norman M. Neel, Santa Fe, for defendants-appellees.

OPINION

OMAN, Justice.

Plaintiff appeals from a final decree in favor of defendants. Defendants were adjudged to have a fifteen foot ditch easement across plaintiff's property, and plaintiff was permanently enjoined from interfering with defendants in the removal of the present lining of the ditch, in enlarging and relining the ditch within the said fifteen foot easement, and in keeping the ditch clear and clean.

Plaintiff relies upon fourteen separately stated and argued points for reversal. We consider only one point, which requires reversal. We need not and do not consider the other points. The point upon which we reverse is the error of the trial court in determining the easement width at fifteen feet.

■ There is no dispute as to the existence of a ditch easement across plaintiff's lands. There was, however, no allegation or claim in the pleadings as to the width of the easement, and the only evidence relative thereto was (1) that since 1953 the ditch has consisted of an underground culvert with a maximum width of twenty-six inches; (2) prior to the installation in 1953 of the culvert, the ditch was approximately four feet wide; and (3) there was testimony that rights-of-way, or easements, within which some ditches in the area are constructed, are from eight feet to fifteen feet in width, and, in "some spots" along the ditch in question, the property owners have constructed fences on each side of the ditch which are fifteen feet apart. However, these fenced areas are not in the area of plaintiff's property, and they exist only in "some spots" farther up the ditch. There is absolutely no evidence, other than the references to the fences in these "some spots," to even suggest the width of the easement in these "some spots," and there is nothing to indicate the easement across plaintiff's lands was ever fifteen feet in width, or that an easement fifteen feet in width was reasonably neces-

sary for the maintenance of the ditch as it has existed.

However, from the above recited evidence the trial court found:

"That the Sombrillo Ditch runs through a portion of the property * * * [of plaintiff], said ditch having been in existence for over 20 years and said ditch being situated in an easement 15 feet wide."

From this finding the court concluded:

"That the Defendants and Sombrillo Community Ditch, have a valid easement, over and on the property of the Plaintiff, measuring fifteen feet wide, which easement has been in existence from time immemorial and over twenty years old."

■ The evidence fails to support the finding and the conclusion based thereon. Although on appeal only the evidence and reasonable inferences deducible therefrom, which support the trial court's findings, will be considered in determining whether the findings are supported by substantial evidence [Forrest Currell Lumber Company v. Thomas, 81 N.M. 161, 464 P.2d 891 (1970)], to be substantial, it must be such relative evidence as a reasonable mind is willing to accept as adequate support for a conclusion [Samora v. Bradford, 81 N.M. 205, 465 P.2d 88 (Ct.App.1970)], and it must amount to more than mere speculation or conjecture [Otto v. Otto, 80 N.M. 331, 455 P.2d 642 (1969)].

■ Defendants seek support for the finding and conclusion in §§ 75–14–5 and 75–14–53, N.M.S.A.1953 (Repl.Vol. 11, pt. 2, 1968); Dyer v. Compere, 41 N.M. 716, 73 P.2d 1356 (1937); Rhodes Cemetery Ass'n v. Miller, 122 W.Va. 139, 7 S.E.2d 659 (1940); 25 Am.Jur.2d, Easements, § 78 at 485 (1966); 28 C.J.S. Easements § 77, p. 757 (1966); Annot. 28 A.L.R.2d 253, § 4 (1953). Nothing said in any of these authorities relied upon by defendants support their claim of right to enlarge to a width of approximately five feet, six inches, without the consent of plaintiff and over her objections, a ditch across her

lands which has been confined since 1953 to a culvert with a maximum width of twenty-six inches, and which has never exceeded four feet in width, and nothing said in any of these authorities suggests support for the trial court's finding and conclusion that the easement is fifteen feet in width.

It appears defendants, and apparently the trial court as well, have construed § 75–14–53, supra, as giving defendants the authority to enlarge the ditch and the easement without the consent of plaintiff, without exercising the right of eminent domain as provided in § 75–1–3, N.M.S.A.1953 (Repl.Vol. 11, pt. 2, 1968), and without compensating plaintiff for the taking of her property. Defendants argue:

"It is believed unnecessary to distinguish Posey v. Dove, 57 N.M. 200, 257 P.2d 541 (1953) in any detail. Suffice to say, that case did not involve a statutory right on the part of the Defendants to 'alter, change the location of, enlarge, extend, or reconstruct such ditch.' * *."

The fact that ditch commissioners are given the right to alter, change the location of, enlarge, extend, or reconstruct a ditch under the conditions set forth in § 75–14–53, supra, cannot be construed as giving them authority to take private property for these uses without just compensation, contrary to Art. II, § 20, Constitution of New Mexico, and without regard to the procedures required by §§ 75–1–3, supra, and 22–9–1, et seq., N.M.S.A.1953.

In their answer brief defendants assert "* * * there is no change in the character or plan of the servitude; there is no increase in burden on the servient estate, nor will there be any uncompensated damage." They base these assertions upon the orders of the trial court contained in the decree that the removal of the present culvert and the construction and covering of the new ditch shall be at the expense of defendants, and "* * * That the Defendants pay for any damages that may be done to the premises of the Plaintiff as a direct result of the relining work to be done." It is apparent there will be a change in the plan of the servitude and an increase in the burden on plaintiff's property, if the proposed enlargement of the ditch is accomplished and the easement enlarged in accordance with the court's decree. It is not entirely clear what the court had in mind by way of damages which might result from the relining, but it is apparent there was no provision made for compensating plaintiff for the additional lands being taken from her for the widening of the ditch and enlarging the easement. We are unable to say what the exact width of the easement is, and it is not our function to make this determination, but we do say the determination by the trial court that it is and has been fifteen feet in width for more than twenty years is not supported by the record.

In Posey v. Dove, 57 N.M. 200, 257 P.2d 541 (1953), the following was quoted with approval from Wiel, Water Rights in the Western States, § 502 at 539 (3d Ed. 1911):

"'As the right to the ditch or other artificial watercourse is an easement, no change can be made against the landowner over whose land the ditch passes that is burdensome to the servient tenement, or that changes the character of the servitude; as moving a ditch to a new place, or enlarging it. Even if the enlargement or change would benefit the servient estate, the owner thereof has a right to be his own judge of whether he will permit it.'"

Also in the same volume of Wiel, § 501 at 482, it is stated:

"* * * But a new ditch cannot be built over private land, nor an old one changed, without the consent of the land owner, unless by prescription or condemnation under the power of eminent domain. * * *"

The final decree is reversed and the cause remanded with directions to proceed in a manner not inconsistent herewith.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.