HENDLEY and SUTIN, JJ., concur.

486 P.2d 70

Gregory Ronald LE DOUX, a Minor by Mary Gallegos, as Guardian and Next Friend, Plaintiff-Appellee,

v.

Debbie PETERS, a Minor and Helen Peters, her Mother, Defendants-Appellants.

No. 567.

Court of Appeals of New Mexico.

May 21, 1971.

Writ of Certiorari Issued June 18, 1971.

Leon Karelitz, Las Vegas, for defendants-appellants.

Joe A. Duran, Duran, Pearlman & Short, Albuquerque, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendants, mother and minor daughter, appeal a judgment in favor of plaintiff. Plaintiff while riding his motorcycle was struck at an intersection by an automobile owned by Helen Peters and driven by her minor daughter, Debbie Peters. Plaintiff

had the right of way and defendant failed to stop at a stop sign. Prior to the accident Debbie knew the brakes were not working sufficiently to stop the car. The issues were tried to the trial court sitting without a jury. Four points are presented for reversal. They relate to the family purpose doctrine and contributory negligence. We affirm.

"The Findings as made Do Not Support the Conclusion of Law, Impliedly Adopted that the Appellant Helen Peters' Motor Vehicle was a Family Purpose Car or the Judgment Based Thereon, and Such Findings Compel a Contrary Conclusion."

Defendant, Helen Peters, relies on Finding of Fact No. 11:

"Defendant Helen Peters purchased the 1962 Chevrolet for her personal use and convenience and, during the three or more years Defendant Helen Peters had owned her 1962 Chevrolet before the accident on May 15, 1968, she permitted her daughters to drive that vehicle, and they drove it, from time to time for brief periods and distances and then only after obtaining special permission from Defendant Helen Peters each time they used the vehicle."

She contends there are four principles, which when viewed in conjunction with the above findings, do not support a conclusion that her car was a family purpose car. The principles she would have us adopt and our answers are:

1. "(a) A parent is under no obligation to furnish his automobile for the comfort and pleasure, or general use and convenience of his family;"

This principle does not advance defendant's contention, for, despite what might have been the parental obligation, the record discloses that the mother did permit her two daughters to use the car for the convenience of the family, namely, going to and from school and church.

2. "(b) The burden is on the party asserting the applicability of the

family purpose doctrine to prove that a motor vehicle is maintained by the owner for the general use and convenience of his family;"

This principle is not in line with New Mexico decisions. Our decisions have held heads of families liable under the doctrine when they did not own the automobile in question, and when the vehicle was not maintained for the general use and convenience of the family. Pouliot v. Box, 56 N. M. 566, 246 P.2d 1050 (1952); Stevens v. Van Deusen, 56 N.M. 128, 241 P.2d 331 (1951). Also, as the doctrine is applied in New Mexico when a child uses an automobile owned by his parents there is a presumption of agency arising from such ownership and use. Burkhart v. Corn, 59 N.M. 343, 284 P.2d 226 (1955). After plaintiff had established these two facts as were found by the trier of fact in finding number one that the " * * * automobile was operated by the Defendant Debbie Peters with authority from and owned by her mother, the Defendant Helen Peters," defendant had a burden of coming forward to rebut the accompanying presumption. It was for the trier of fact to determine whether defendant had done so.

3. "(c) The Fact of the parent's ownership of a motor vehicle, plus a family member's driving, does not prove family purpose, as this equally would prove a mere lending of an automobile to the minor child * * *."

As discussed in the preceding paragraph, in New Mexico ownership and use gives rise to the presumption of a family purpose doctrine. Burkhart v. Corn, supra. Furthermore, this was not an isolated instance of lending. There was testimony that the car used was used for the family's convenience to go to church and to school.

4. "(d) The family purpose doctrine is not applicable where members of the family must obtain special permission each time they use the motor vehicle, unless (as is not the situation here) the requirement of permission relates only to the owner's general parental

supervision of such family members with respect to a vehicle clearly furnished and maintained for the general use and convenience of the owner's family."

This principle does not aid defendant. She asserts that permission required for use of this automobile was not permission relating to general parental supervision. This assertion, however, is not supported by the evidence, nor by the findings of the trial court.

In light of the above we cannot say as a matter of law that defendant Helen Peters' car was not a family purpose car.

Defendant's analysis and reliance on out of state cases has been considered but does not change our opinion in view of the family purpose doctrine as developed by New Mexico case law.

"2. The Court Erred in Refusing to Find Appellant Helen Peters' Motor Vehicle was Not Maintained by Her for the General Use and Convenience of Her Family and to Conclude She Therefore was Not Liable for the Negligence of Her Daughter, Appellant Debbie Peters, While Operating the Vehicle."

As was discussed above findings one and eleven implicitly held that the automobile was a family purpose car. Requested findings and conclusions which conflict with those found by the trial court and supported by substantial evidence are properly refused. Thigpen v. Rothwell, 81 N.M. 166, 464 P.2d 896 (1970); Samora v. Bradford, 81 N.M. 205, 465 P.2d 88 (Ct. App.1970). Defendants' claimed error then requires that we examine whether the court's finding is supported by substantial evidence.

On the stand defendant Helen Peters conceded that she permitted Debbie and another daughter to drive the car, and that on the night of the accident permission was given to Debbie because the mother would not be there to drive her. Once in a while the mother would permit defendant Debbie to use the car for errands. There

was testimony that the car was used for the convenience of the family in going to school and to church and that one of the daughters would pick up the children in the car on days when the weather was bad.

In light of these facts and what constitutes the family purpose doctrine in New Mexico case law, the findings of the trial court were based on substantial evidence. It was not error to refuse contrary findings. Thigpen v. Rothwell, supra; Samora v. Bradford, supra.

"3. The Findings as Made Do Not Support the Conclusion of Law Impliedly Adopted that Appellee Le Doux was Free from Contributory Negligence or the Judgment Based Thereon, and Such Findings Compel a Contrary Conclusion."

Contributory negligence is an affirmative defense, the burden of which is on the defendant to establish. Martinez v. C. R. Davis Contracting Company, 73 N.M. 474, 389 P.2d 597 (1964); Samora v. Bradford, supra. When the trial court refuses to find an ultimate fact, such refusal constitutes a finding to the contrary against the party who had the burden of establishing that issue. Lopez v. Barboa, 80 N.M. 338, 455 P.2d 842 (1969); State ex rel. Thornton v. Hesselden Const. Co., 80 N.M. 121, 452 P.2d 190 (1969).

On appeal defendants, Debbie and Helen Peters, point to findings of evidentiary facts which they assert demand a conclusion of contributory negligence on the part of plaintiff. These evidentiary facts are: (a) the plaintiff was probably exceeding the speed limit; (b) he entered the intersection where the accident occurred without slackening his speed; (c) he had a clear view of the cross street but did not see defendants' car until after he entered the intersection; (d) he looked straight ahead and saw the car only through the corner of his eye; (e) he did not swerve to right or left which he could have done successfully; (f) he did not brake but merely downshifted his motorcycle, which action did not increase his speed any.

The question before us is whether, with these evidentiary findings a trier of fact, as a matter of law, must conclude that the plaintiff was guilty of contributory negligence. We are not so persuaded. Whether or not one's conduct constitutes contributory negligence is generally a question of fact to be determined by the trier of fact. Stoes Brothers, Inc. v. Freudenthal, 81 N.M. 61, 463 P.2d 37 (Ct.App. 1969).

The first of the findings upon which defendants rely may said to be an act of commission; he was probably speeding; the others are acts of omission. We will consider them in those two classes. Assume that in fact plaintiff was actually speeding. This would lead to a conclusion that he was negligent as a matter of law. McKeough v. Ryan, 79 N.M. 520, 445 P.2d 585 (1968). However, since contributory negligence embraces both negligence and proximate cause, Fitzgerald v. Valdez, 77 N.M. 769, 427 P.2d 655 (1967), there still remains the fact determination whether such negligence was the proximate cause of the accident. Moss v. Acuff, 57 N.M. 572, 260 P.2d 1108 (1953); Dahl v. Turner, 80 N.M. 564, 458 P.2d 816 (Ct.App. 1969). The trial court decided speed was not the cause of the accident.

The other evidentiary facts are acts of omission, possible alternatives which the plaintiff might have pursued and which arguably might have avoided the accident. Miller v. Marsh, 53 N.M. 5, 201 P.2d 341 (1948) stated:

"One in great peril, when immediate action is necessary to avoid it, is not required to exercise all that presence of mind and carefulness required of a careful and prudent man under ordinary circumstances. * * * In such a situation the plaintiff was only required to endeavor to do in a prudent manner what seemed reasonable to him under the circumstances to avoid the collision after the discovery of his danger. * * *"

There was testimony that the plaintiff did not use his brakes because he did not have time; that he did not turn because he would have skidded underneath the car; that he tried to go through the intersection because he feared defendants' car would have run him over completely. With these facts in the record we cannot conclude that plaintiff, as a matter of law, was guilty of contributory negligence.

"4. The Court Erred in Refusing to Find Appellee Le Doux Contributorily Negligent and to Conclude He Therefore was Barred from Recovery."

This point is closely related to the third. Defendants do not deny the negligence of Debbie Peters occasioned by improperly working brakes and failure to stop at the stop sign. However, they claim that plaintiff Le Doux, was as a matter of law, contributorily negligent. To agree with defendants' position we would have to overrule the trial court on two issues, negligence of plaintiff and proximate cause of the accident.

For the purpose of discussion let us concede that the plaintiff was speeding and so was negligent as a matter of law. McKeough v. Ryan, supra. There would still remain the issue of proximate cause. Proximate cause is a question of fact and becomes a question of law only when all the facts are undisputed and all reasonable inferences deducible therefrom are plain and consistent. Samora v. Bradford, supra. As was shown in the discussion of the third point, there was testimony which required weighing as to causation by the trier of fact. In this situation, his conclusion is binding on appeal. The trial court is the sole trier of facts. Crumpacker v. Adams, 77 N.M. 633, 426 P.2d 781 (1967).

Affirmed.

It is so ordered.

SPIESS, C. J., and DEE C. BLYTHE, District Judge, concur.