505 P.2d 851

**GENERAL FOODS CORPORATION, a Delaware corporation, Plaintiff-Appellee,**

v.

**Carl HENDERSON, Chief of the Consumer Division of the Health and Social Services Department of the State of New Mexico, and the State of New Mexico, Defendants-Appellants.**

No. 9499.

Supreme Court of New Mexico.

Jan. 19, 1973.

David L. Norvell, Atty. Gen., Thomas L. Dunigan, Asst. Atty. Gen., Theodore E. Jones, II, Agency Asst. Atty. Gen., Santa Fe, for defendants-appellants.

Standley, Witt & Quinn, Santa Fe, Arnall, Golden & Gregory, Ellis Arnall, Elliott H. Levitas, Atlanta, Ga., Murray D. Sayer, White Plains, N.Y., for plaintiff-appellee.

## OPINION

OMAN, Justice.

This is a suit for declaratory judgment pursuant to §§ 22–6–1 to 3, N.M.S.A.1953. Plaintiff sought to have its product, "Thick & Frosty," declared not to be a filled dairy product within the meaning of the New Mexico Filled Products Act, which appears as §§ 52–2–5 to 10, N.M.S.A.1953 (Repl.Vol. 8, pt. 1, 1962 and Supp. 1971 thereto). In the alternative, plaintiff challenged the constitutionality of the New Mexico Filled Products Act and the constitutionality of the Act's application. The case was tried to the court without a jury, and the trial court entered judgment for plaintiff. Defendants appeal. We affirm.

Although the trial court found for plaintiff on all three theories asserted in the complaint, and defendants rely upon three separately stated points for reversal on this appeal, we affirm solely upon the ground that "Thick & Frosty" is not a filled dairy product within the contemplation of the New Mexico Filled Products Act, supra. We need not and do not consider the questions raised as to the constitutionality of this Act and the constitutionality of the Act's application.

Briefly, the facts material to this appeal as found by the trial court and which are in no way challenged are:

(1) "Thick & Frosty" is a frozen thick shake concentrate developed by plaintiff. Its ingredients are water, corn syrup, hydrogenated coconut and palm kernel oil, glycerol, nonfat dry milk, flavor, sorbitol, propylene gycol, methyl cellulose, carrageenan, dextrose, salt, mono and diglycerides and polysorbate 65, artificial color and guar gum. The ingredients are listed in the order of their predominance in the concentrate. Of the total ingredients only 3.5% consists of nonfat dry milk.

(2) "Thick & Frosty" is shipped and marketed as a frozen food product, is presently being sold in each of the United States, and is marketed in retail grocery stores for the purpose of being used exclusively as a base in the preparation of thick shakes for consumption in the home.

(3) "Shake" or "milk shake" is a generic term, and includes any food preparation produced by combining milk with a base which are shaken or agitated together to form a drink. The base used in making the shake is not itself a shake.

(4) A "thick shake" is a special type of shake typically served in drive-ins or quick-service food establishments and which is distinguishable from other shakes in that a "thick shake" is discernably colder, more viscous and more frothy than a regular "shake."

(5) Until the marketing of "Thick & Frosty" there was no product on the market from which a "thick shake" could be made in the home. Those made in drive-ins or quick-service food establishments require the use of costly equipment known as a heat exchange unit.

(6) "Thick & Frosty" is pure, wholesome and nutritious, and is in no way deleterious or harmful to the health of the consumer. It is presented and sold to the consumer only in its concentrated form and only for use as a base for making "thick shakes" by mixing it with milk. It is palatable only after so mixed.

(7) "Thick & Frosty" is displayed and shown for home use in cartons which are clearly, accurately and truthfully labeled, and the labels fully and accurately list the ingredients and accurately describe the use for which the product is intended.

(8) "Thick & Frosty" possesses unique and distinctive characteristics which were specifically and functionally designed to create, and which did create, a unique product different from any previously existing product which might have been used as a base for making shakes, some of which are:

"(a) The product may be frozen and maintained at zero degrees (0°) Fahrenheit and spooned easily into a drinking glass without thawing.

"(b) The product, when in its carton, has a unique, coarse, and highly crystallized structure which is developed for a specific functional purpose.

"(c) The product, in its carton, is intensely unpalatable in flavor and cannot readily be eaten palatably and cannot be drunk at all.

"(d) The product is more expensive to purchase than ice cream or ice milk.

"(e) The product has a substantially lower freezing point, lower overrun, and is significantly heavier and denser than ice cream."

In addition to these undisputed facts as to the content, qualities, etc., of "Thick & Frosty," the trial court also found:

(9) "Thick & Frosty" is not intended to replace and does not replace or serve as a substitute for any dairy product, or any other product, there being no other product on the market which is sold at retail and which can be utilized for the purpose of making a "thick shake" at home.

(10) When presented or sold to the consumer, "Thick & Frosty" does not have the appearance, taste or texture of any dairy product. The ordinary consumer readily distinguishes it from any dairy product, and is not and could not be confused or deceived by it or its label. It is a new and distinct product which has physical and other characteristics so totally different from ice cream, or any other dairy product, that it was not intended to be and is not in imitation or semblance of any dairy product.

Defendants state they challenge these findings shown herein as No. 9 and No. 10, but they fail to challenge the sufficiency of the evidence as support therefor. They have selected certain evidence which they contend establishes "Thick & Frosty" to be a filled dairy product. They have not stated the substance of all the evidence bearing upon this issue, with proper references to the transcript, as required by Supreme Court Rule 15(6) [§ 21–2–1(15)(6), N.M. S.A.1953 (Repl.Vol. 4, 1970)]. The trial court's findings, which lead logically to its

conclusion that "Thick & Frosty" is not a filled dairy product, as that term is defined in the New Mexico Filled Products Act, supra, are supported by substantial evidence. For definitions of substantial evidence see Marjon v. Quintana, 82 N.M. 496, 484 P.2d 338 (1971); McCauley v. Ray, 80 N.M. 171, 453 P.2d 192 (1968); Samora v. Bradford, 81 N.M. 205, 465 P.2d 88 (Ct.App.1970).

Defendants argue that because "Thick & Frosty" was developed and is designed to be mixed with milk by the consumer in order to produce a finished or consumable product with the desired qualities of a "thick shake," the consuming public is lead to equate "Thick & Frosty" with a "thick shake" and, in essence, purchases a "thick shake" for use in the home.

We cannot agree. The public purchases, as shown by the foregoing findings of fact, an unpalatable base which is not itself a "thick shake," but which is one of two essential ingredients used by the purchaser or consumer in making a "thick shake." This base is not only unlike a "thick shake" but is unlike any dairy product. The record fails to support defendants' contention that the purchaser or consumer is lead to equate "Thick & Frosty" with a "thick shake," and ordinary experience and logic refute defendant's contention that a purchaser of "Thick & Frosty," in essence, purchases a "thick shake" for consumption in his home.

Our Filled Products Act, supra, defines a "filled dairy product" as:

"* * * any milk, cream, or skimmed milk, or any combination thereof, whether or not condensed, evaporated, concentrated, frozen, powdered, dried, or dessicated, or any food product made or manufactured therefrom, to which has been added, or which has been blended or compounded with, any fat or oil other than milk fat so that the resulting product is in imitation or semblance of any dairy product, including but not limited to milk, cream, sour cream, butter cream, skimmed milk, ice cream,

whipped cream, flavored milk or skim milk drink, dried or powdered milk, cheese, cream cheese, cottage cheese, creamed cottage cheese, ice cream mix, sherbet, condensed milk, evaporated milk, or concentrated milk."

Section 52–2–7(b), N.M.S.A.1953 (Repl. Vol. 8, pt. 1, 1962).

Plaintiff does not, by manufacturing, possessing, transporting, offering for sale or selling "Thick & Frosty," thereby engage in activities proscribed by § 52–2–8, N.M.S.A.1953 (Repl.Vol. 8, pt. 1, 1962). At the time it is sold to the consuming public, 3.5% thereof consists of nonfat dry milk mixed with other ingredients which make up the remaining 96.5% thereof. At that time, insofar as the record before us shows, it is not palatable and does not have the appearance, taste or texture of any dairy product. The ordinary consumer is in no way deceived or confused by it or the labels thereon and does not confuse it with any dairy product. It is not in imitation or semblance of any dairy product and simply is not a filled dairy product as defined in the New Mexico Filled Products Act, supra. Compare 62 Cases, Etc. v. United States, 340 U.S. 593, 71 S.Ct. 515, 95 L.Ed. 566 (1951); United States v. 88 Cases, More or Less, Etc., 187 F.2d 967 (3d Cir. 1951); Libby, McNeill and Libby v. United States, 210 F. 148 (4th Cir. 1913); State v. A. J. Bayless Markets, Inc., 86 Ariz. 193, 342 P.2d 1088 (1959); Coffee-Rich, Inc. v. Kansas State Board of Health, 192 Kan. 431, 388 P.2d 582 (1964); Aeration Processes, Inc. v. Jacobsen, 184 Cal.App.2d 836, 8 Cal.Rptr. 85 (1960); Midget Products v. Jacobsen, 140 Cal.App. 2d 517, 295 P.2d 542 (1956).

The judgment of the trial court should be affirmed.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.