The decision and order of the State Board of Education is vacated.

IT IS SO ORDERED.

571 P.2d 1190

**STATE of New Mexico et al., Plaintiffs-Appellees,**

**Rex Shroyer and Edna Shroyer et al., Plaintiffs-in-Intervention-Appellees,**

v.

**CORPORATION OF ABIQUIU TIERRA AMARILLA LAND GRANT, aka Corporacion de Abiquiu, Merced de Tierra Amarilla, a Purported Corporation, et al., Defendants-Appellants.**

**No. 10939.**

Supreme Court of New Mexico.

Dec. 7, 1977.

Solomon, Roth & VanAmberg, Ronald J. VanAmberg, Santa Fe, Richard H. Rosenstock, Tierra Amarilla, for defendants-appellants.

Eloy Martinez, Dist. Atty., Jeffrey R. Brannen, Montgomery, Andrews & Hannahs, White, Koch, Kelly & McCarthy, S. S. Koch, Santa Fe, for plaintiffs-appellees and plaintiffs-in-intervention-appellees.

## OPINION

SOSA, Justice.

In October of 1964, the State of New Mexico, by and through the District Attorney of the First Judicial District, petitioned that court to issue a permanent restraining order to enjoin the Corporation of Abiquiu Tierra Amarilla Land Grant, a/k/a Corporacion de Abiquiu, Merced de Tierra Amarilla, a purported corporation, and certain individuals who were officers and/or members of the corporation, from performing certain acts which were in contravention of the rights of the record owners of lands within the Tierra Amarilla Land Grant. The relief sought was granted by the District Court of the First Judicial District and was filed on October 20, 1964.

On December 31, 1965, and on June 5, 1967, the State filed petitions seeking to hold the defendants in contempt of court for failure to abide by the court decree. However, it appears from the record that these petitions were never taken to a final resolution. Nevertheless, in May of 1974, the State filed another petition seeking to hold the defendants in contempt of court.

Thereafter, in May and July of 1974, several individuals and a New Mexico corporation petitioned the court to allow them to intervene in the contempt action against the defendants. The court granted the petitions in August and November of 1974.

Such intervenors claimed to be the true owners of the land in question, and furthermore, they claimed to be the recipients of certain actions on the part of the defendants which were alleged violations of the original injunction of 1964.

Motions to dismiss the petitions based on lack of jurisdiction were filed and denied, and also a jury demand was made and denied. Thereafter, on January 14, 1976, following an evidentiary hearing without a jury, the Honorable Edwin L. Felter found the defendants in contempt of court.

The plaintiffs-in-intervention allege that the Corporation of Abiquiu Tierra Amarilla, by and through its directors, issued deeds to its members, purporting to convey certain properties which belong to the plaintiffs, record owners. The defendant-corporation claims title to the lands based on the Treaty of Guadalupe-Hidalgo and certain *hijuelas* stemming from the treaty. There are also allegations that certain members of the corporation continually trespass on those lands. The individual defendants deny trespassing on the property since they claim to be grantees of the land based on the Tierra Amarilla Land Grant.

The district court decided that the permanent restraining order issued on October 20, 1964, was valid and binding and found the named defendants in contempt of court due to violations of the injunction. However, the sentence on the defendants was placed in abeyance for three years to allow them to comply with the spirit of the injunction.

Although the appellants urge many errors by the trial court, we believe that only two issues are controlling. Appellants contend that the original injunction issued in 1964 is void for being vague and overbroad, and that there was no substantial evidence to support the trial court's finding that the defendants were in contempt of court for violations of the 1964 injunction.

In order to discuss the above issues the pertinent portions of the 1964 injunction should be set forth. The defendants were enjoined from:

(1) [I]ssuing or causing to be issued any further eviction orders or notices;

(2) [C]arrying out or attempting or threatening to carry out any eviction of any person whatsoever without legal process of the Courts of the United States or the State of New Mexico;

(6) [P]atrolling or trespassing on any private land or interfering with the possessor of said land in the peaceful enjoyment of said land in any way whatsoever.

We first address the contention that the injunction should be considered void for being vague and overbroad. The appellants urge that the first, fifth and fourteenth amendments of the United States Constitution were violated by the injunction since it was lacking in precision and had no ascertainable standard to govern its enforcement. They argue that the injunction was so vague and uncertain that it could not be read by persons of common intelligence, and since it proscribed and regulated speech which is protected by the first amendment, the injunction, due to its vagueness, must fail. In support of these contentions the appellants cite *Coates v. Cincinnati*, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971) and *Cramp v. Bd. of Public Instructions*, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961).

The *Coates* case, *supra*, held that an ordinance which prevented three or more persons from assembling on any sidewalk, except at a public meeting was unconstitutionally vague on its face in that it subjected the exercise of right to assemble to an unascertainable standard.

In *Cramp, supra*, the United States Supreme Court held that a statute which required a teacher to swear that he had never supported the Communist Party was vague and uncertain, and therefore, pursuant to the due process clause the state could not force the teacher to take the oath at the risk of facing prosecution for perjury or immediate dismissal.

The cases cited, though authority for the propositions asserted, are clearly distinguishable from the case at bar. In the instant case, we are not faced with first amendment issues. The case turns on whether the actions taken by the defendants are protected by the Constitution of the United States.

The trial court found that the defendants, both individually and through the corporation, conveyed deeds to members of the corporation which purported to vest in those members title to the lands which were owned by the plaintiffs; removed locks from the gates on these lands and replaced them with their own locks; and allowed their cattle to graze on these lands despite the warnings by the land owners to remove their cattle and to discontinue trespassing. The defendants were also found to have encouraged other members of the corporation to trespass upon said lands and even threatened to evict the owners from their respective lands. The court also determined that due to the holdings of *Martinez v. Rivera*, 196 F.2d 192 (10th Cir.), *cert. denied*, 344 U.S. 828, 73 S.Ct. 30, 97 L.Ed. 644 (1952), and *Flores v. Bruesselbach*, 149 F.2d 616 (10th Cir. 1945), the Tierra Amarilla Land Grant was not a community grant as alleged by the defendants, and therefore, the defendants' organization had no legal authority to assert rights to the land on behalf of the community. By reason of these findings the trial court found the defendants in contempt of court for violating the 1964 injunction.

■ Upon evaluating the original injunction and after reviewing the trial court's findings we can find no similarity between this case and those utilized by the appellants in support of their vagueness and overbreadth theories. In the case at bar the court's decision did not rely on the provisions of the injunction which are protected by the first, fifth and fourteenth amendments of the United States Constitution. The defendants were not found in contempt of court for asserting protected rights. Instead they were found to have completely disregarded a court order which prohibited them from interfering with the quiet enjoyment of the plaintiffs and their lands. Trespassing on another's land, padlocking another's gate, allowing one's livestock to graze on another's land and attempting to evict the owners from their respective lands are not protected activities.

The defendants are incorrect in asserting that the injunction was vague and overbroad. The injunction sets forth the proscribed acts in language which is neither vague nor uncertain. It is capable of being read and understood by persons of common intelligence as mandated by *Cramp, supra.* The defendants state that "vague laws may trap the innocent by not providing fair warning." *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). We do not quarrel with this proposition, but it has no application to the instant case since the defendants were given adequate notice of the prohibited acts.

The defendants by their own testimony claimed that the lands belonged to them and that the courts had no jurisdiction over the defendants' interest in the lands. They therefore decided to ignore the injunction and proceeded to treat the owners as trespassers on their own property. Now they seek to have us consider the injunction as being vague and not giving them adequate notice. In light of all that transpired since 1974—especially the defendants' open disregard for the jurisdiction of the courts of New Mexico—we cannot give credence to the assertion that there was inadequate notice of the injunction and the proscribed acts.

Furthermore, during oral arguments, the appellants urged the Court to examine the case *In re Berry*, 68 Cal.2d 137, 65 Cal.Rptr. 273, 436 P.2d 273 (1968). In *Berry* the California Supreme Court found that where a temporary restraining order was found to be too vague and uncertain and therefore improperly restricting first amendment rights, the defendants could openly defy the order, and when they were found in contempt of court they could properly challenge the constitutionality of the temporary restraining order. Justice Sullivan, speaking for the court decided that in California

> [A] person affected by an injunctive order has available to him two alternative methods by which he may challenge the validity of such order on the ground that it was issued without or in excess of jurisdiction. He may consider it a more

prudent course to comply with the order while seeking a judicial declaration as to its jurisdictional validity. . . . On the other hand, he may conclude that the exigencies of the situation or the magnitude of the rights involved render immediate action worth the cost of peril. In the latter event, such a person under California law, may disobey the order and raise his jurisdictional contentions when he is sought to be punished for such disobedience. If he has correctly assessed his legal position, and it is therefore finally determined that the order was issued without excess of jurisdiction, his violation of such void order constitutes no punishable wrong. If, however, the final judicial determination is otherwise he may be punished. (Citations omitted).

65 Cal.Rptr. at 281, 436 P.2d at 281.

Although we do not herein decide whether the standard stated by the California court is correct the case is distinguishable from the instant one since upon reviewing the facts germane to the decision there appears to be no exigencies. The defendants were not faced with a situation where they had to make an immediate decision. They could have appealed the injunction before resorting to defy its command. Now they seek refuge in urging this Court to follow an inapplicable case of a sister state. Once again, the case at bar presented no activities protected by the first, fifth and fourteenth amendments.

■ Additionally, even where one area of the injunction was vague and overreaching, if the court can sever this defective portion from the valid restrictions then the injunction is not void in its entirety. *In re Berry, supra.* We believe that in the instant case the trial judge properly did so.

■ The defendants next contend that the trial judge erred in finding them in contempt of court since there was no substantial evidence to support the judge's findings.

In *Marjon v. Quintana*, 82 N.M. 496, 497, 484 P.2d 338, 339 (1971), Justice Oman stated:

Although on appeal only the evidence and reasonable inferences deducible therefrom, which support the trial court findings, will be considered in determining whether the findings are supported by substantial evidence . . . to be substantial, it must be such relative evidence as a reasonable mind is willing to accept as adequate support for a conclusion . . and it must amount to more than mere speculation or conjecture. (Citations omitted).

We believe that the trial judge did not err in finding the defendants in contempt of court. The evidence relied upon by him in making his findings was relevant, probative and sufficient to satisfy a reasonable mind of its truth. The conclusions reached were reasonable and not based on conjecture nor speculation and also adequately supported by the trial record.

This then leads us to one last point which regards Daniel Aguilar. He was also found in contempt of court for violating the injunction even though he was not a named defendant in the original petition of 1964.

In reaching this conclusion the trial judge had all the witnesses before him and could observe their demeanor. He could determine the credibility of the witnesses and the weight to be given to the testimony far more accurately than this Court can do from the printed record alone. *Stewart v. United States*, 236 F. 838 (8th Cir. 1916). In *Terrel v. Lowdermilk*, 74 N.M. 135, 141, 391 P.2d 419, 424 (1964) this court stated:

The appellate court must restrict itself to determination of questions of law and leave factual determinations to the trial court . . . which has the opportunity of hearing the witnesses testify and observing their demeanor and conduct while on the witness stand. A witness's testimony may, at the time of trial, be evasive instead of straightforward, lacking in candor rather than truthful, or be such as makes it apparent to the listener that he is being less than honest in his testimony. These things and many others occurring in the trial are obvious to the trial court and influence his decision, but ordinarily are not apparent in the typewritten record so that the true "flavor" of the case is not obtained by the reader. This is merely one of the reasons why appellate courts must rely upon the judgment of the trier of facts.

It is, therefore, our belief that the trial judge upon evaluating all the evidence, could reasonably conclude that Daniel Aguilar, though not an original defendant, had notice of the injunction and the proscribed acts. Aguilar was in contempt of court for failure to comply with the order.

For the foregoing reasons, the decision of the trial court is affirmed.

McMANUS, C. J., and PAYNE, J., concur.