This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PAUL ERWIN,**

Worker-Appellant,

v.                                                                          **No. A-1-CA-36811**

**MAINTENANCE SERVICES**
**SYSTEMS and THE HARTFORD,**

Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Shanon S. Riley, Workers' Compensation Judge**

Peter V. Culbert
Santa Fe, NM

for Appellant

Jeffrey Paul Stradling
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Paul Erwin (Worker) set out the central issue on appeal variously as whether the Worker's Compensation Judge (WCJ) failed to apply, violated, disregarded, or

ignored the uncontradicted medical evidence rule. [*See* DS 2, 10, 12, 14] Worker also raised additional issues regarding payment of medical bills and temporary total disability benefits. [DS 15] We issued a notice proposing to affirm. Worker filed a memorandum in opposition, and Maintenance Services Systems and The Hartford (Employer) filed a memorandum in support, both of which we have duly considered. Remaining unpersuaded by Worker's memorandum in opposition, we affirm.

{2}     Worker continues to argue the WCJ failed to apply the uncontradicted medical evidence rule and erred in discounting Worker's expert medical testimony regarding causation of Worker's injury. [MIO 2] As we noted in our proposed disposition, *Hernandez v. Mead Foods, Inc.*, 1986-NMCA-020, 104 N.M. 67, 716 P.2d 645, provides exceptions to the uncontradicted expert testimony rule.

> Uncontradicted testimony need not be accepted as true if (1) the witness is shown to be unworthy of belief, or (2) his testimony is equivocal or contains inherent improbabilities, (3) concerns a transaction surrounded by suspicious circumstances, or (4) is contradicted, or subjected to reasonable doubt as to its truth or veracity, by legitimate inferences drawn from the facts and circumstances of the case.

*Id.* ¶ 14. [CN 3] Finding Worker's testimony to be the basis for the expert opinion and his testimony to be unreliable and inconsistent, the WCJ indeed determined, consistent with the fourth exception, the expert's opinion to be "subject to doubt by reasonable inferences to be drawn from the facts" and therefore declined to accept the opinion. [RP 162] In his memorandum in opposition, Worker raises two primary arguments

regarding the our proposed affirmance of the WCJ's factual findings: this Court misinterpreted the uncontradicted expert testimony rule [MIO 11] and should re-weigh the evidence considering the uncontradicted expert opinion [MIO 16-20].

{3} Worker first argues the *Hernandez* exceptions to the uncontradicted expert testimony rule do not apply to issues of causation. [MIO 13-14] We disagree. The exceptions to the uncontradicted medical testimony rule set forth in *Hernandez* apply specifically to the uncontradicted testimony rule, which applies only to causation. *See id.* ¶¶ 13-14. We therefore reject Worker's contention the WCJ did not have the authority to reject Worker's uncontradicted medical testimony under one of the *Hernandez* exceptions.

{4} Second, Worker continues to argue his testimony and evidence were credible, and this Court should undertake its own review of the credibility of Worker's testimony and the expert opinion upon which it was based. [MIO 15-17] While Worker is correct in pointing out this Court engages in a whole record review [MIO 16, 18], as we noted in our notice of proposed disposition, we nonetheless do not make assessments as to the credibility of witnesses and will not re-weigh evidence. [CN 5] *See Samora v. Bradford*, 1970-NMCA-004, ¶ 4, 81 N.M. 205, 465 P.2d 88 ("An appellate court does not pass upon the weight of the evidence or the credibility of the witnesses."); *see also Sanchez v. Zanio's Foods, Inc.*, 2005-NMCA-134, ¶ 11,

3

138 N.M. 555, 123 P.3d 788 ("Generally speaking, whole record review of WCJ determinations is deferential."); *cf. Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 ("Where the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of fact." (internal quotation marks and citation omitted)). We therefore decline to reweigh the credibility of Worker's testimony, which formed the basis for the medical expert's opinion.

{5}     Because we affirm the district court's determination regarding causation, we do not consider his remaining issues regarding recovery for medical bills and temporary total disability benefits.

{6}     Accordingly, for the reasons explained in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____

4

**HENRY M. BOHNHOFF, Judge**